**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUSLAN MAKHMUDOV,

Petitioner,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 25-5400

Agency No. A240-266-102

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2026**
Phoenix, Arizona

Before: BADE and TUNG, Circuit Judges, and KANE, District Judge.***

Petitioner Ruslan Makhmudov ("Makhmudov"), a native and citizen of Russia, challenges a decision from the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his applications for asylum and

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

withholding of removal and overturning the IJ's grant of deferral of removal under the Convention Against Torture ("CAT"). Makhmudov asserts that the serious nonpolitical crime bar to asylum and withholding of removal should not apply because the charges against him were fabricated by the Russian government and that he would likely face torture if returned to Russia. We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252. We deny the petition.

1. Substantial evidence supports the BIA's conclusion that there were "serious reasons" for believing that Petitioner committed a serious nonpolitical crime. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1188 (9th Cir. 2016). Asylum and withholding of removal are not available to a noncitizen if "there are serious reasons to believe that the alien committed a serious nonpolitical crime outside the United States before the alien arrived in the United States." 8 U.S.C. § 1231(b)(3)(B)(iii). The serious reasons standard has been described as "tantamount to probable cause." *Silva-Pereira*, 827 F.3d at 1188 (quotation omitted). Probable cause exists when there is a "fair probability" that the defendant committed the alleged crime. *Id.* at 1189.

The record includes substantial evidence to support the agency's determination that there was "sufficient particularized evidence in the record to establish probable cause." In reaching its conclusion, the BIA relied on several pieces of evidence, including: (1) an arrest warrant for Makhmudov issued by the

Pereslavl District Court of the Yaroslavl region in Russia, (2) the underlying indictment charging Makhmudov with illegally producing narcotics on a large scale, which detailed with specificity the steps that he allegedly took to further the criminal enterprise and identified dates of involvement, role in the group, and location of the activity, (3) corroborating testimony from witnesses and coconspirators, and (4) an active Interpol Red Notice issued for Makhmudov's arrest at the time of his merits hearing with the IJ. Both the IJ and the BIA concluded that this evidence collectively established probable cause that Makhmudov committed the alleged crime.

The record does not compel a reasonable adjudicator to reach a different conclusion. Even accepting Makhmudov's claims that the Russian indictment contained procedural irregularities and that he was targeted for his political involvement, Makhmudov has not shown that the allegations were false. Likewise, his claim that the Red Notice is "susceptible to political abuse" does not compel the conclusion that the Red Notice was improperly issued against him. While Makhmudov argues that a Red Notice cannot independently establish probable cause, he discounts the BIA's consideration of the Red Notice along with specific allegations and evidence of Makhmudov's criminal conduct. The record does not compel the conclusion that the BIA erred by applying the serious nonpolitical crime bar.

2. Substantial evidence supports the BIA's determination that Makhmudov

has not shown that it is more likely than not he will be tortured if returned to Russia. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (describing the substantial evidence standard); *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)) (describing petitioner's required showing under CAT).

The BIA properly reversed the IJ's grant of CAT protection because Makhmudov did not demonstrate a particularized risk of torture. Although the IJ determined that it was more likely than not that Makhmudov would be detained if returned to Russia, the BIA determined that he did not meet his burden of showing a particularized risk of being tortured while incarcerated. The BIA rejected the IJ's reliance on general conditions in Russian prisons and harsh treatment of political dissidents and, instead, considered Makhmudov's individual circumstances. He did not suffer torture during his previous detention and he was indicted in Russia for drug-related crimes rather than for political activism.

Makhmudov argues that the BIA's analysis was incomplete because CAT requires the aggregation of all risk sources, yet the BIA neglected to consider the cumulative effect of his likely detention, political involvement, and medical conditions. But the torture he alleges is solely from one source, the government, and the "independent risk vectors" he identifies do not compel the conclusion that he would be tortured by government officials. Makhmudov has not shown that the BIA

erred by denying relief under CAT.

**PETITION DENIED.**[1]

[1] Petitioner's motion to stay removal (25-5400, Dkt. 3) is DENIED.